Good morning. May it please the Court, my clients seek a reversal of the U.S. District Court judgment. The standard of review is de novo. The issue is, does the, do the criminal, or sorry, the county defendants, county attorney defendants, do they benefit from 11th Amendment immunity or does the ex parte exception apply, particularly regarding the requirement for threat of enforcement? Judge Goldberg Counsel, let me just cut to the chase here. I assume that you're aware that this panel is bound by prior precedent and also by the law of the case. So unless this is distinguishable in some way, this is kind of an open and shut case. So I have a few questions that I wanted to ask you to try to explore whether there is some distinction that would not, such that we're not bound by our prior law of the case or precedent. One question I had was with regard to the county attorney's affidavits. Those affidavits do not address whether they would prosecute if a referral came from the OAH. Isn't that how the system works as a practical matter, is referrals from the OAH? That's right. The state statutes, 211B.35, 211B.19, 211B.16, and 211B.02, reflect a state legislative policy to ensure compliance with 211B.02. You're going to have to speak up and more clearly. Okay. The state legislative policy reflected the statutes. One way they ensure compliance is for OAH to threaten referral for criminal prosecution to county attorneys, which has been effective. So if you read Nathan Miller's declaration, paragraphs 46 and 47, 46, and should a county attorney state or swear today that he or she will not prosecute 211B.02 claims the future, it gives me no comfort. My own experience shows that they can, and I have a fear they will. Furthermore, the law appears to apply to some, but not all, as my previous OAH examples illustrate. My fear exists, and what happened to me was real. In the future, I'll be campaigning not to educate the electorate and potential supporters, but to avoid prosecution, to avoid criminal prosecution. And why was that not within the purview of our prior panel? Because it was evidence that was obtained during discovery. Nathan Miller was prosecuted after the prior panel's decision. Well, but it was the prosecution, but the issue was not new. But that happens all the time, that you do more discovery, and then we found out that in the statute, there's a state legislative policy to direct the Office of Administrative Hearings to threaten referrals of criminal prosecution to the appropriate county attorney. Well, in fact, I believe OAH's public website threatens such prosecution by the county attorney. And that's an interpretation, a correct interpretation of the state law, which we thought My follow-up question then is, so wouldn't the county attorney need to give some assurance that they are not going to be taking these referrals from OHA in order for their unwillingness to prosecute to be meaningful? Correct. The self-serving affidavits don't address the state legislative policy of ensuring compliance with the law by directing the Office of Administrative Hearings to threaten referrals of criminal prosecution. Nathan Miller went through that process while this case was pending in the U.S. District Court, and he was fearful. And his response to being fearful of criminal prosecution is not to speak. So he's not speaking. And so, of course, the county attorneys don't need to enforce the law because my clients aren't speaking anymore. If my clients aren't speaking, you know, because of the threat of criminal enforcement, as Nathan Miller details, then the threat of criminal referral in the statutory structure is the willingness of the state to prosecute. And the self-serving affidavits, which is what Has there been any change in the statute since a prior panel opinion, right? Because the statute had that language in it, I believe, previously, right? That's right. And so that threat, presumably, the prior panel looked at the statute and didn't find that threat sufficient to get to the ex parte on. We did our best. We engaged in discovery. We looked at the legal arguments. And then we realized there are three ways that the state encourages compliance with the law. Civil enforcement, instructing the O.H. to threaten referral to a county attorney for criminal prosecution and criminal prosecution. And all those existed at the time of the prior panel opinions. But until I talked to Mr. Miller and obtained a declaration while he was in those proceedings, I didn't understand the affect that the threat, a state-mandated threat of referral to a county attorney's office How does that defeat law of the case? I'm sorry, what's that? How does that defeat law of the case? The fact that, well, I didn't do a good enough job arguing it the first time. That's the role of discovery. That's why we go back and we talk to people actually affected by the law, and we come back and we present Was there no discovery when the panel ruled? It wasn't a 12B6, was it? It was a preliminary injunction. Denial of preliminary injunction. Well, the opportunity that is there, 155 gives you plenty of opportunity to get discovery before a ruling. Yes. Or get the P.I. consolidated with the merits. Absolutely, Your Honor. But the challenge is that a lawyer cannot anticipate future proceedings. Give me a law of the case precedent that would get you by this fact that the prior panel acted on what the parties chose to present. And then when we went back Do you have a case? Have you researched law of the case on this? The prior Yes or no? No. The precedent is what it is, but it's on an abusive discretion standard. What precedent? That's what I'm asking you. Have you looked for law of the case precedent? Law of the case precedent on The law of the case is binding on the lower court. The law of the case established by the denial of a preliminary injunction. Yes. And the law of the case applies to the lower court. What's your best case? Well, I don't have a case that says the subsequent panel would ignore the previous panel's decision. We can't try it on what the prior panel did. The in-bank court could. All right. But there's a different legal standard, a review. And I can't The what? There was subsequent U.S. District Court proceedings, and while the matter was pending, in the district court All right. Go on. So our view is that it's a different case presented based on different facts because of the Nathan Miller situation. Counsel, let me ask you about your statement about the differing standards of review because I was going to get into that. We're here on summary judgment at this point, so don't we have to look at the affidavits in the light most favorable to the nonmoving party? And isn't that a different standard than the preliminary injunction standard and how we look at those affidavits? That's correct. The preliminary injunction standard would be probability of success on the merits. And then here, you know, you take the facts in light of the nonmove-ons perspective, but we have to have a material issue, you know, to go to trial. And here, I don't think there are any material dispute issues. It's just that the facts show that Mr. Miller and these folks have a credible fear of prosecution because of the State statute instructs the Office of Administrative Hearings to threaten criminal referral. But, see, I'm talking about the standard. Your attack, you argue, your brief says the prior panel got it wrong on the standing and ex parte young conflict or interplay. And my point is the prior, maybe the prior panel got that wrong, but that's the law of the case. My understanding argument, this ought to be standing and not the panel's interpretation of ex parte young, which I read as the core principle and argued in your brief, is, for me, law of the case. That's for the court and bank. Maybe the panel did get it wrong. And I understand the point. And the reason we've represented is because things happen. Well, discovery doesn't change that. Right. Yes, you do discovery and the facts. The record changes. But the law of the case stays the same. You have to meet the ex parte young standard as defined by the prior panel. Yeah, but it goes on. I mean, the law of the case, the law has to be applied to the facts. Here, the law is being applied to my clients, and they're shut up. And the county attorneys are saying, we're not going to prosecute. They don't need to prosecute because my clients have shut up. I'll save the rest of my time for rebuttal. Ms. Martinson, why didn't you argue law of the case?  Good morning, Your Honors. May it please the Court. The county attorneys argued law of the case low to the district court. We didn't argue it to this panel, but, of course, this court is bound by the panel's I can't hear you. I'm sorry. You said something about what you argued to the district court, and I didn't hear what it was. The county attorneys argued law of the case to the district court on summary judgment, and we did not include it in our brief to this court. We're hearing it. The district court didn't reference it. The district court did not reach the issue of law of the case because it decided the case on different grounds, on ex parte, yeah. Well, I'm not sure it was different grounds, but all right. If it's different grounds, then does law of the case apply? Yes, Your Honor. Law of the case applies. I just meant that the district court's analysis focused on ex parte young, and then the district court said, because I can decide this case on ex parte young, I'm not reaching law of the case specifically. Although, of course, the district court followed this Court's prior decision in this very case in its detailed decision on summary judgment. And, in fact, we're here today on a decision or on an issue that this Court has already decided, whether the county attorneys are entitled to Eleventh Amendment immunity. And since we were last before this Court, two essential facts have not changed. No county attorney in the State of Minnesota has ever enforced Section 211B.02 against anyone in more than 30 years of the statute's existence. And each county attorney in this case filed the declaration stating they have no present intention of ever enforcing the statute against anyone, including appellants. These facts previously led this Court to decide that ex parte young does not apply to the county attorneys. And I'd ask the Court to reach the same conclusion here today. Judge Gatz? I'm baffled, and it's probably because I'm just not smart enough to follow where we're going. But it strikes me that if the claim is that Judge Toster followed the roadmap, handed down by this prior panel in this very case, and that essentially it's found that the facts fit entirely into the case that was previously decided by the prior panel, isn't that just a law of the case argument? And if not, what is it? I mean, you know, basically, Judge Toster said the findings are consistent with what the Court of Appeals told me they were considering and just followed the roadmap. And I'm just trying to — I mean, and it seems to me that by not arguing law of the case and saying they didn't get to law of the case, I mean, what is an analysis that doesn't add anything to the prior analysis if it isn't law of the case? Or did Judge Toster come up with something different that wasn't — wasn't involved before the prior panel? I would — I would agree, Your Honor, that law of the case is the simplest way to — to resolve this. Simply, the prior panel in the same case reached this decision, and this Court is bound to reach the same decision. I think because of the slightly different posture of the — of the case, meaning summary judgment instead of preliminary judgment. Yeah, there's a different procedural posture. I get that. But — but I mean, if, in fact, the procedural posture does not affect the legal analysis, aren't we still in the same place? Yes, Your Honor. And that's essentially what the county attorneys are arguing, that this issue has already been decided by this Court in this very case, so law of the case doctrine requires the same result from this panel. And I think it — I — excuse me. What about Judge Grass' question that the affidavit should have — should have referenced whether or not there is — there is reserved the power to act on an OAH — OAH referral? So the county attorney affidavits state that they have no present intention of enforcing this statute, and there's no evidence in the record, Your Honor, that the OAH has ever referred a case to the county attorneys under this particular statute, 211B.02. What about Mr. Miller's experience? My — the OAH did not refer Mr. Miller's case to the county attorney. What about their public website threatening such prosecution by the county attorney? Isn't that chill speech here? And isn't that a threat, a present ongoing threat? Two things. One, the — what the OAH puts on their website is an action by the OAH. It's not an action by the county attorney that can be imputed to the county attorney and reasoned — But they're relying on the prosecutorial authority of the county attorney, and they're making that threat. Yes. But Ex parte Young requires a threat to come from the defendant in the case. And in this case, the OAH is not a defendant. The OAH commissioners are — the ALJs aren't defendants. The other issue is that with those affidavits, this Court has already held that complete disavowal of 211B.02 is not required under Ex parte Young. The district court's summary judgment decision in this case is not an outlier. The district court followed this Court's decision in Care Committee 2 as well, and it followed this Court's decision in this case where the court found that the Ex parte Young exception did not apply even though the county attorneys are local prosecutors with specific authority to enforce the statute. The district court asked the same question that this Court asked. Have the county attorneys enforced or threatened to enforce the statute? And the answer was and continues to be no. Well, in Care Committee 2, the county or the attorney general's affidavit disavowed future prosecutions, did it not? The attorney general's affidavit was distinct from the affidavits filed by the county attorneys in this case. But this Court already decided that that distinction was without a legal difference in deciding — I didn't follow. I can't follow. You're talking too fast. I'm sorry. I'm sorry, Your Honor. Say this again. What about the attorney general's affidavit versus your county attorney affidavit? I didn't follow the point. So the attorney general's affidavit in Care Committee 2 suggested — and I can't remember the exact language of it, but it suggested that she was disavowing all future prosecutions under the statute. The county attorney's affidavit uses a slightly different language to say that county attorneys have no present intention of enforcing the law against anyone, including appellants. And in this case, there's that fact, but there's also the fact that no county attorney has ever prosecuted anyone under the statute in more than 30 years of the statute's existence. When OAH makes a referral to the county attorney, does the county attorney have the discretion to decline to prosecute still? Yes, Your Honor. Should we make something of the language that says we have no present intention to prosecute, which does leave the door open if there is such a referral? Or should we treat it as a categorical denial of an intent to prosecute? So the affidavits are not a complete disavowal of the statute. I think the county attorneys are limited in their ability to say, to commit to never enforcing the statute. And I think one reason why is because they're not in a position to bind their successors in office. And so the county attorneys did as much as they could to say that they would not enforce the statute without overstepping. The other difference is that — something that has a chilling impact on speech such that it is not entitled to the immunity claim. So the affidavits that are in the record at summary judgment are the same affidavits that were in the record at the preliminary injunction stage, with the one exception being that two county attorneys who came into office during the pendency of this case filed new affidavits, but they're substantially the same as the prior affidavits. So — and this Court already decided, based on those affidavits, that what the county attorneys had said was enough to establish their unwillingness to enforce the statute. It matters that we are now here on summary judgment and we have to look at those affidavits in the light most favorable to the nonmoving party as opposed to the district court previously looking at a standard for an injunction. So I don't think so, Your Honor. And that's because there's still no evidence in the record that raises a genuine question of material fact regarding the county attorney's willingness to prosecute. So the additional facts in the record about Nathan Miller and his experience at the OAH, it — the county attorneys have not been involved in that process in any way. There's no evidence that they have been. Likewise, these decades-old prosecutions, one was already in the record previously, I believe. One — Let me ask it a different way. Couldn't affidavits that contain somewhat ambiguous statements about prosecutorial intentions be sufficient to affirm the denial of the preliminary injunction, but insufficient under a summary judgment standard to establish unwillingness to prosecute? I don't think so, Your Honor. And I think that's where we go back to Care Committee 2, where the — In that case, there was an explicit disavowal of future prosecutions, and here we just have, well, I don't presently intend to prosecute. Your Honor, I don't think that the slight difference in language — Well, it's not slight. One's I'm not ever going to prosecute, and one is I don't feel like prosecuting  Understood. The record in this case is that the county attorneys have filed declarations saying they have no present intention to prosecute. The intention of that was to say that they have no intention of prosecuting. They can't necessarily bind their successors. I'm not sure that there's more that they can promise in an affidavit like that. But then on top of that is the fact that there's no history of any county attorney ever prosecuting anyone under the statute in the whole State. But there's a public website threatening it. And I would quibble a little bit, Your Honor, with the word threatening. I think the OAH is simply describing their role as a quasi-judicial entity that handles these complaints under State statute. I wouldn't read that as a threat. I know the district court, in its opinion If I'm a candidate for public office, I'm going to feel chilled by that, I would think. Perhaps. But under Ex parte Young is a narrow exception. And it's a narrow exception based on Federalism concerns. And under Ex parte Young, there has to be a threat of enforcement by the defendants against the plaintiffs who are challenging the statute. And so on the record in this case, and based on this Court's prior decisions, that standard isn't met. And Ex parte Young doesn't apply. I would, one other point on the present intention to enforce. The appellants suggest that the county attorney's lack of intention to enforce isn't credible because the statute of limitations has expired as to appellants Clayton and McDonald in their past conduct. But, Your Honors, the real significance of that expiration of the statute of limitations is that the county attorneys have allowed that time to expire, and they haven't prosecuted either Clayton and McDonald. And that's consistent with their declarations, and it's consistent with the fact that no county attorney in the State has ever criminally enforced this law. I'll just touch on the fact that the county attorneys are not arguing that there's an extra element of Ex parte Young at summary judgment, which was an argument in the reply brief. Ex parte Young is not a cause of action. The causes of action in this case are under Section 1983 in the First Amendment, and the Eleventh Amendment, including Ex parte Young, is a jurisdictional question. The core question under Ex parte Young, as this Court has recognized, is whether the county attorneys are engaged in an ongoing violation of federal law. So at Rule 12, to meet, to plausibly allege that, there must be a connection between the county attorneys and enforcement, and that's enough. But at summary judgment, there must be evidence that the county attorneys are, in fact, engaging in an ongoing violation of federal law and that they are about to commence proceedings against appellants. And there's no such evidence in this case, and so the county attorneys are entitled to summary judgment. Unless this Court has further questions, I'll stop there and ask that this Court affirm the District Court's decision. Thank you, Your Honors. Regarding the law of the case, one way to look at it with respect to the previous opinion is that the State legislative policy was presented as there is civil enforcement of the law and criminal enforcement of the law. In the subsequent U.S. District Court proceedings, there was a third argument, that the State legislative policy included to increase compliance a statutory instruction to the Office of Administrative Hearings to threaten referral for criminal prosecution, which is reflected in 211B.02. I don't understand how that's a third distinct. I'm just saying with respect to the presentation, that the presentation, at least in the appellant attorney's eyes, was that if the State codifies an instruction to a State agency, and this isn't like 609 general criminal stuff. This is very specific instruction, the Office of Administrative Hearings, to consider criminal referrals to the appropriate county attorney who has the authority to prosecute the misdemeanors. So it's that specific threat under State legislative policy that's carried out by the OAH and its penalty matrix and its notices and dispositions. It considers per State law to refer for criminal prosecution the matter. And the subject of those referrals are the county attorneys who are defendants in this case. So what exact statute are you referring to? 211B.35 says OAH may refer to the county attorney. 211B.19, violations are a misdemeanor. 211B.16, county attorneys may prosecute the misdemeanors. But to go back to one of Judge Erickson's earlier questions, what is — what allows this panel to look at those factors differently now than the previous panel? Because of the discovery and the presentation of a new legal argument. So when the court appeals, interprets — Wait, wait, wait. Excuse me. What's the factual — what are you relying on factually that says somehow this statutory interpretation is a new creature in front of us? There was the Nathan Miller prosecution occurred during the U.S. District Court proceeding, which happened after the panel opinion. And he was interviewed for a declaration. And during that interview, it was discovered that merely reading the statute that I And so it doesn't matter if the county attorneys say we're not going to criminally enforce, because he shut up because he read 211B.02, 211B.16, 211B.19, 211B.35, and he wrote in his declaration, I don't care what the county attorneys say. I can't afford to be criminally prosecuted. I'm not going to speak. So this is what oppression looks like under the First Amendment, is when people don't speak. And I think I should end on just, like, on Mr. Miller, what he wrote. He wrote, as a result of my experience, I will not be able to speak privately or publicly with my supporters without the threat of prosecution. If I do not curtail what I say privately or publicly, I fear I'll be prosecuted by anyone or anybody that I am a constitutional conservative within the local, state, or principles. For fear of prosecution, I must curtail or otherwise limit my political speech and related political speech activities, Appendix 566. This is what oppression looks like. Mr. Miller was a write-in candidate. He had been endorsed and lost the primary. And a third party said, he's a Republican. And he published it on his website, $250 fine. Court of Appeals backed it up. It's the most ridiculous decision per the First Amendment I've ever seen. And we need to stop it in this proceeding. Thank you, Your Honor. Thank you, counsel. The case has been thoroughly briefed and argued, and we will take it under advisement.